# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS DIBLASI,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>BEN CURRY, Warden, et al.,<br><br>　　　　　　　Respondents. | Civil No.   08cv0041-IEG (BLM)<br><br>**ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION** |

　　　　Petitioner, a California state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction from the Riverside County Superior Court in Riverside, California. In accordance with the practice of district courts in California, the Court transfers the Petition to the United States District Court for the Central District of California, Eastern Division. The Court does not rule on Petitioner's in forma pauperis request.

　　　　A petition for writ of habeas corpus may be filed in the United States District Court of the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). Petitioner here attacks a conviction suffered in the Riverside County Superior Court in Riverside, California. (Pet. at 1.) That court is located in Riverside County, which is within the jurisdictional boundaries of the United States District Court for the

1  Central District of California, Eastern Division. See 28 U.S.C. § 84(c)(1). Petitioner is presently
2  confined at the Correctional Training Facility in Soledad, California. That prison is located in
3  Monterey, County, California, within the jurisdictional boundaries of the United States District
4  Court for the Northern District of California. See 28 U.S.C. § 84(a). Jurisdiction over this
5  Petition thus exists in the Central District of California, Eastern Division, and in the Northern
6  District of California. See 28 U.S.C. § 2241(d).

7       Although this Court does not have jurisdiction over the action, "[u]nder a provision of the
8  Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of
9  jurisdiction the court shall transfer the action to any other such court in which the action could
10 have been brought 'if it is in the interest of justice.'" Miller v. Hambrick, 905 F.2d 259, 262 (9th
11 Cir. 1990) (citing In re McCauley, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit
12 has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will
13 be in the interest of justice because normally dismissal of an action that could be brought
14 elsewhere is "time-consuming and justice-defeating." Miller, 905 F.2d at 262 (quoting
15 Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631,
16 this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C.
17 § 2241(d). It is generally the practice of the district courts in California to transfer habeas
18 actions challenging a state conviction to the district in which a petitioner was convicted. Any
19 and all records, witnesses and evidence necessary for the resolution of a petitioner's contentions
20 are more readily available in that district. See Braden, 410 U.S. at 497, 499 n.15; Laue v.
21 Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). In this case, that district is the Central District
22 of California, Eastern Division. Therefore, in the furtherance of justice,
23 //
24 //
25 //
26 //
27 //
28

1  **IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States
2  District Court for the Central District of California, Eastern Division. <u>See</u> 28 U.S.C. § 2241(d).
3  **IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order
4  upon Petitioner and upon the California Attorney General.

**DATED: January 15, 2008**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**

CC:            ALL PARTIES